UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK ISOM

    Plaintiff,

v.                                   Case No. 8:18-cv-2035-T-35SPF

PAUL BULSO, in his official capacity
and also individually, JOSEPH PALMERI,
in his official capacity and also individually,
and RICK WELLS, in his official capacity
as Sheriff of Manatee County, Florida,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Compel Deposition of Derek Pollock. (Doc. 47). According to the Defendant's response, Derek Pollock "is employed as a deputy sheriff with the Manatee County Sheriff's office . . . [and] is also a Task Force Agent with the Federal Drug Enforcement Agency (DEA)." (Doc. 48 at 1). Defendants' further represent that "[w]hen deposed, Deputy Pollock answered Plaintiff's counsel's questions concerning his involvement in regard to the subject litigation in his capacity as a Manatee County Sheriff's deputy. However, he declined to respond to questions which concerned his involvement in the subject litigation in his capacity as a federal agent with the DEA." (*Id.*).

The Federal Housekeeping Statute, 5 U.S.C. § 301, "authorizes the head of an executive department to place limits on how employees can disseminate information gained in the performance of their official duties." *Moore v. Armour Pharm. Co.*, 927 F.2d

1194, 1197 (11th Cir. 1991). "The authority allowing department heads to promulgate regulations restricting employee testimony in private litigation was upheld by the Supreme Court in *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) . . . ." *Moore*, 927 F.2d at 1197. Regulations promulgated pursuant to Federal Housekeeping Statute are referred to as an agency's "*Touhy*" regulations. *Westchester Gen. Hosp., Inc. v. Dep't of Health & Human Servs.*, 443 F. App'x 407, 409 n.1 (11th Cir. 2011). The Eleventh Circuit has upheld the validity of the Department of Justice's *Touhy* regulations (28 C.F.R. § 16.21 *et seq.*). *See United States v. Dunn*, 533 F. App'x 908, 910 (11th Cir. 2013) (citing *United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982)).

Pursuant to 28 C.F.R. § 16.22(a), "[i]n any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand . . . disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." The regulation defines the term "employee" to include all "officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States. . .". 28 C.F.R. § 16.21(b). A DEA Task Force Officer, such as TFO Pollock, is an officer subject to the supervision of the Attorney General of the United States. As a result, TFO Pollock may not be compelled to testify regarding information he acquired while performing his official duties as a DEA Task Force Officer without prior approval from the proper Department of Justice official. *See Moore*, 927 F.2d at 1196–97 (11th Cir.

1991)("an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations") (internal citation marks omitted; brackets in original)). Accordingly, it is hereby

**ORDERED**: Plaintiff's Motion to Compel Deposition of Derek Pollock. (Doc. 47) is denied without prejudice.

ORDERED in Tampa, Florida, on October 16, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE